Mr. Justice Thacker
delivered the opinion of the court.
This is an action of trespass to recover damages for the loss of the plaintiff’s slave by the act of the defendant’s slave.
A bill of exceptions, filed upon the overruling of a motion for a new trial, discloses the substance of the whole evidence. The facts are briefly, — that the deceased slave visited the plantation of the defendant, and, upon his own request, twice received a dram of spirits from the defendant, in company with the slave of the defendant, who is supposed to have taken his life; that some time after, the defendant was aroused from sleep by a clamor among his slaves, which was. found to proceed from the two slaves in question; that as the defendant, armed with a gun, approached those slaves, he was run in upon by the plaintiff’s slave, who discharged his gun; that the defendant took no steps upon this act, but seems to have allowed the plaintiff’s slave to still remain upon his. premises; that not long after, the defendant was again aroused by a similar clamor, and approaching the spot, he beheld first the two slaves iir a struggle together, and next the slave, now deceased, pursuing and ■threatening the life of the defendant’s slave, and thereupon, as the difficulty seemed to cease, the defendant left the spot and returned into his house; and that, upon the following morning, the plaintiff’s slave was found dead upon the spot where the last quarrel took place. Evidence was likewise adduced to •show that the deceased slave was of $1000 value. The jury ■found a verdict for the plaintiff below, in $1180, of which amount the plaintiff remitted $180.
The rule of the liability of the master for the act of his slave, seems to be limited to cases in the way of trade, or public employment, or where any injury is occasioned to another by any ■act done by a slave in pursuance of his master’s directions, but not for proceedings of a slave unauthorized by the master. Snee v. Trice, 2 Bay, 345; Saunders on Plead, and Ev. 863. *355 The liability of a master in a civil action for the felonious killing by his slave of the slave of another, seems to depend upon the criminal knowledge or agency of that master in the transaction. Wright v. Weatherby, 7 Yerg. 367. It is true that an authorization from a master to his slave to do an act, or the agency of a master in a transaction of his slave, may be gathered from the circumstances surrounding the occurrence. But the facts of this case, as detailed in the record, do not amount to sufficient proof that the defendant below commanded or authorized his slave to take the life of the deceased slave. At most, these facts show a case of manslaughter by defendant’s slave — a killing during a sudden quarrel, and at least, a case of justifiable homicide. In the first point of view, although a master might be sufficiently culpable in his agency in a matter of manslaughter by his slave as to expose him to damages in a civil action, yet the features of the evidence in the present case do not seem to carry such an impression, and in the latter point of view, the defendant would be clearly exonerated. The defendant was doubtless censurable and blamable, for want of care, prudence, and resolute and sufficient interference between the slaves at the outset of the fatal difficulty, but his conduct seems hardly to warrant the finding of the jury, as such cases are contemplated by the law.
Judgment reversed, and a new trial directed to be allowed.